JM:SC:WPC
F.#2007R01655

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ERIC ARONSON,
VINCENT BUONAURO and
FREDRIC AARON,

        Defendants.

- - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No._____
(T. 15, U.S.C., §§ 78j(b)
and 78ff; T. 18, U.S.C.,
§§ 981(a)(1)(C), 982, 1341,
1343, 1956(a)(1)(B)(i), and
3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., §
2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

    A.    The Permapave Entities

    1.    Permapave Industries, LLC ("Permapave Industries") was a New York limited liability company established in or about 2006 that maintained offices at different times in Syosset, New York and Jericho, New York. It claimed to be a licensed reseller of Permapave paving stones, which were manufactured in Australia.

    2.    Permapave USA Corporation ("Permapave USA")(together with Permapave Industries, the "Permapave Entities" or "Permapave") was a New York corporation that was established in or about 2006. Permapave USA was the parent of Permapave Industries and also claimed to sell Permapave products.

3. Permeable Solutions, Inc. ("Permeable Solutions") was a Nevada corporation established in or about 2008 and was the parent company of Permapave USA. The parent company of Permeable Solutions was Verigreen Group, a Nevada limited liability company ("Verigreen").

4. Interlink-US Network, Ltd. ("Interlink") was a publicly traded company based in Los Angeles, California that supposedly provided a range of telecommunication and data services in the United States. On or about June 28, 2010, Verigreen Group became the majority shareholder of Interlink.

B. The Defendants

5. The defendant ERIC ARONSON held various management positions with the Permapave Entities from approximately August 2006 to approximately December 2010. ARONSON claimed at different times that either Permapave Industries or Permapave USA was the exclusive sales representative of Permapave products in the United States.

6. The defendant VINCENT BUONAURO held various management positions at one or more of the Permapave Entities from August 2006 until the summer of 2008.

7. The defendant FREDRIC AARON was an attorney licensed to practice in New York state who maintained an office at the offices of the Permapave Entities.

2

C. The Scheme to Defraud

8. Starting in approximately August 2006, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON solicited money from investors through materially false representations and material omissions and operated the Permapave Entities as a Ponzi scheme through which the defendants paid returns to investors from other investors' funds or money paid by new investors, instead of from any actual profit earned by the Permapave Entities.

9. To induce investors to invest in the Permapave Entities and improperly retain their investments, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, made materially false, fraudulent and misleading statements in offering materials and verbally to investors, that:

a. the defendants would use investor funds to purchase and ship Permapave products from Australia to the United States when, in fact, only a small fraction of the investors' money was used for that purpose;

b. Permapave had signed contracts with various municipalities to install Permampave products when, in fact, there were no such contracts for anything other than pilot programs that would produce only immaterial amounts of revenue. For example, ARONSON falsely told investors in 2009 that he had

3

"finalized an agreement with the city of Augusta, Georgia" to install Permapave products; and

   c. Permapave's operations generated profits that enabled it to pay investors monthly rates of return from 7.8% to 33.3%, or 94% to 400% per annum, when, in fact, there were minimal profits generated as a result of Permapave's operations. For example, BUONAURO falsely told investors in 2008 that "through May 12, 2008, we ordered approximately $5,400,000 of [Permapave] product" which, if true, would generate an expected $1 million gross profit.

  10. The defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON offered securities to investors in the form of promissory notes, which supposedly were to be repaid when Permapave products arrived in the United States from Australia. Those promissory notes were issued to investors by either of the Permapave Entities (the "Permapave Notes").

  11. The defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON paid investment returns to existing Permapave investors from funds received from newer Permapave investors.

  12. The defendants ERIC ARONSON and VINCENT BUONAURO, and others used investor funds to pay for personal expenses, including credit card bills and mortgages.

  13. Defendant ERIC ARONSON caused cash withdrawals to be made from accounts holding investor funds and converted that

4

cash for his personal use. To do so, ARONSON made out multiple checks in amounts made payable to various Permapave employees to cash on the same day from accounts holding investor funds. ARONSON falsely annotated the checks as reimbursement for expenses. ARONSON then handed the checks to different employees and instructed them to cash the checks and return the cash to ARONSON. The employees cashed the checks at banks insured by the Federal Deposit Insurance Corporation. In turn, ARONSON provided a small percentage of the cash to each employee and kept the remainder for himself.

D.  The Exit Strategy

14.  In or about January 2009, the defendants did not have the funds needed to pay the returns they had promised to the Permapave investors. To conceal their scheme, the defendants ERIC ARONSON, FREDRIC AARON and others persuaded many investors to exchange their investments in Permapave for convertible debentures issued by Permeable Solutions. A convertible debenture is a type of loan issued by a company that can be converted into stock at a later date.

15.  The defendants ERIC ARONSON, FREDRIC AARON and others told the Permapave Note holders that the new convertible debentures would pay 1% monthly interest on the original investment, not the amount owed, and that the investors would recoup their entire investment in two years. Many, but not all,

5

investors exchanged their Permapave Notes for those convertible debentures.

16. In or about the summer of 2009, the defendants ERIC ARONSON, FREDRIC AARON and others told the Permeable Solutions investors that Permeable Solutions had been sold or was about to be sold. They urged these investors to convert their convertible debentures into shares of Permeable Solutions common stock, which many, but not all, investors did.

17. In or about June 2010, Verigreen, a privately held company, became the majority shareholder of Interlink, a publicly traded company. In or about September 2010, the defendants ERIC ARONSON, FREDRIC AARON and others caused those Permapave Note investors who converted their notes to shares of Permeable Solutions to be offered shares of Interlink stock in exchange for their Permeable Solutions stock. Those Interlink shares were worth a small fraction of both the investors' Permeable Solutions stock and their initial investment in the Permapave Notes.

COUNT ONE
(Conspiracy to Commit Securities Fraud)

18. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

19. In or about and between August 2006 to December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERIC

ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of the Permapave Notes, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

20.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.  On or about May 30, 2008, in response to investors' queries about the status of their investments, the

defendants ERIC ARONSON and VINCENT BUONAURO sent a letter to investors claiming that "through May 12, 2008, we ordered approximately $5,400,000 of [Permapave] product," which, if true, would generate an expected $1 million gross profit.

        b.    On or about February 18, 2009, in response to investors' queries about the status of their investments, the defendants ERIC ARONSON and FREDRIC AARON sent a letter to investors stating that Permapave "finalized an agreement with the city of Augusta, Georgia" to install Permapave products.

        (Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Securities Fraud)

        21.    The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

        22.    In or about and between August 2006 to December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, did knowingly and willfully use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by (a) employing devices, schemes, and

8

artifices to defraud; (b) making untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of the Permapave Notes, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNTS THREE THROUGH EIGHT
(Wire Fraud)

23. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about the dates shown below, within the Eastern District of New York and elsewhere, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property from, investors in the Permapave Notes by means of materially false and fraudulent pretenses, representations and promises and, for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in

9

interstate commerce, writings, signs, signals and sounds, as set forth below:

| Count | Approx. Date | Description |
|---|---|---|
| THREE | 4/24/07 | Wire transfer of an investment of $100,000 from an account controlled by Victim #1 at New Alliance Bank in Connecticut to the account of Permapave Industries, LLC at Commerce Bank, N.A. in Long Island, New York |
| FOUR | 10/16/07 | Wire transfer of an investment of $200,000 from an account controlled by Victim #2 at New Dominion Bank in North Carolina to the account of Permapave Industries, LLC at Commerce Bank, N.A. in Long Island, New York |
| FIVE | 7/17/08 | Wire transfer of an investment of $725,000 from an account controlled by Victim #3 at Mechanics Bank in California to the account of Permapave Industries, LLC at Commerce Bank, N.A. in Long Island, New York |
| SIX | 11/5/08 | Wire transfer of an investment of $765,000 from an account controlled by Victim #4 at Bank of America in Georgia to the account of Permapave Industries, LLC at Commerce Bank, N.A. in Long Island, New York |
| SEVEN | 11/21/08 | Wire transfer of an investment of $1,360,000 from an account controlled by Victim #4 at Bank of America, N.A. in Georgia to the account of Permapave Industries, LLC at TD Bank in Long Island, New York |

| Count | Approx. Date | Description |
|---|---|---|
| EIGHT | 2/10/09 | Wire transfer of an investment of $100,000 from an account controlled by Victim #5 at U.S. Bank, N.A. in Arizona to the account at Astoria Federal Savings, in Long Island, New York, in the name of Fredric H. Aaron, attorney escrow account |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS NINE THROUGH ELEVEN
(Mail Fraud)

25. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

26. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors and potential investors in the Permapave Notes, and to obtain money and property from those investors, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing the scheme and artifice and attempting to do so, placed and caused to be placed in a post office and authorized depository for mail matter the following mail matter and things to be sent and delivered by the United States Postal Service, as set forth below:

| Count | Approximate Mailing Date | Description of Mailing |
|---|---|---|
| NINE | 2/18/09 | Letter signed by the defendant ERIC ARONSON to investors. |
| TEN | 1/8/09 | Letter signed by the defendant FREDRIC AARON to investors. |
| ELEVEN | 5/30/08 | Letter signed by the defendant VINCENT BUONAURO to investors. |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNTS TWELVE THROUGH FOURTEEN
(Money Laundering)

27. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

28. In or about and between April 2007 and January 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ERIC ARONSON, together with others, did knowingly and intentionally conduct one or more financial transactions in and affecting interstate commerce, which transactions in fact involved the proceeds of fraud in the sale of securities, a specified unlawful activity, while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the transactions were designed in whole and in part to conceal and disguise the nature, location,

12

source, ownership and control of the proceeds of the specified unlawful activity, as set forth below:

| Count | Approximate Transaction Date | Description of Transaction |
|---|---|---|
| TWELVE | 9/18/09 | Cashing of check made payable to Permapave Employee #1 at Bank of America, N.A., purportedly for reimbursed expenses in the amount of $5,000. |
| THIRTEEN | 12/31/09 | Cashing of check made payable to Permapave Employee #2 at Bank of America, N.A., purportedly for reimbursed expenses in the amount of $8,000. |
| FOURTEEN | 6/11/10 | Cashing of check made payable to Permapave Employee #3 at TD Bank, purportedly for reimbursed expenses in the amount of $7,500. |

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE THROUGH ELEVEN

29. The United States hereby gives notice to the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON, upon their convictions of any of the offenses charged in Counts One through Eleven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or

indirectly as a result of such offenses, including but not limited to:

    a. a sum of money equal to and including the proceeds of the offenses;

    b. a 2007 Mercedes Benz SL65, VIN WDBSK79F126766;

    c. a Pablo Picasso painting title "Untitled from bloch 1776";

    d. a Pablo Picasso painting title "imaginary portraits";

    e. a black and silver Zeno watch bearing serial number 8577/2; and

    f. a black and silver Concord watch bearing serial number 14C51893/1306617.

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWELVE THROUGH FOURTEEN

31. The United States hereby gives notice to the defendants ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON that, upon conviction of any of the offenses charged in Counts Twelve through Fourteen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to:

    a. a sum of money equal to and including the proceeds of the offenses;

    b. a 2007 Mercedes Benz SL65, VIN WDBSK79F126766;

    c. a Pablo Picasso painting title "Untitled from bloch 1776";

    d. a Pablo Picasso painting title "imaginary portraits";

15

    e. a black and silver Zeno watch bearing serial number 8577/2; and

    f. a black and silver Concord watch bearing serial number 14C51893/1306617.

   32. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1) and (b)(1))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ERIC ARONSON, VINCENT BUONAURO and FREDRIC AARON,

Defendants.

## INDICTMENT

(T. 15, U.S.C. §§ 78j(b) and 78ff; 18, U.S.C. §§ 981(a)(1)(c), 982, 1341, 1343, 1956(a)(1)(B)(i), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
*Foreman*

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
*Clerk*

Bail, $ _____

*William P. Campos, Assistant U.S. Attorney (718-254-6104)*